# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARY K. S. o/b/o MATTHEW J. S.[1] <br>     Plaintiff, <br> <br> v. <br> <br> ANDREW SAUL, Commissioner of the <br> Social Security Administration, <br>     Defendant. | CAUSE NO.: 2:20-CV-125-JVB |

## **OPINION AND ORDER**

Plaintiff Mary S., on behalf of Matthew J. S., now deceased, seeks judicial review of the Social Security Commissioner's decision denying his disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

## **PROCEDURAL BACKGROUND**

Plaintiff applied for supplemental disability insurance benefits on October 24, 2016. In his application, Plaintiff alleged that he became disabled on July 1, 2016. (AR 20). After a hearing in 2018, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of epileptic seizure disorder, polysubstance use disorder and status post traumatic brain injury. (AR 22). The ALJ also found that Plaintiff suffered from the non-severe impairments of status post open reduction and internal fixation for right tibia fracture and spondylosis in the lumbar spine. (AR 23).The ALJ found that through the date last insured, Plaintiff was capable of performing his past relevant work as a Self Service Attendant, both as it was actually performed and as it is generally performed. (AR 29). Moreover, the ALJ found that he is capable of

---

[1] Matthew S. died on June 20, 2020, and his mother, Mary K. S. was substituted as plaintiff on January 5, 2021. [DE 20.]

performing other jobs in the national economy, such as fastener, folder, and hand polisher. (AR 30-31). Therefore, the ALJ found him to be not disabled from July 1, 2016, the alleged onset date, through September 30, 2018, the date last insured. (AR 31). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff offers two arguments to support his request for remand: that the ALJ erred in evaluating Plaintiff's symptoms and limitations; and that the ALJ failed to address favorable VE testimony.

### A. Subjective Symptoms

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. § 404.1529(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations die to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

Plaintiff asserts that the ALJ erred in evaluating his subjective symptoms and improperly relied on his daily activities. The ALJ found that, through Plaintiff's date last insured, Plaintiff's daily activities "support the conclusion that he, at most, is capable of work as outlined in the residual functional capacity." (AR 28). The ALJ noted the Plaintiff testified at the hearing and in his December 2016 function report that he was able to perform a number of daily activities

3

independently. *Id.* He stated that he could prepare simple meals, perform light cleaning, handle his personal care, dress himself, do his laundry, care for his pets, wash dishes, and grocery shop. *Id.* Plaintiff also indicated that he could walk and ride in a car, and that he enjoyed watching television and listening to music. *Id.* The ALJ also found that Plaintiff stated he was stable when he took his medication. *Id.* The ALJ stated Plaintiff's "limitation of activity due to his physical and mental impairments" was not, "in itself, incompatible with the performance of some work activity." (AR 26). The ALJ relied on "mostly stable conditions and conservative management of treatment" to find that Plaintiff had "the capacity to perform a range of work as set forth in the residual functional capacity." *Id.*

   1.   *Daily Activities*

Plaintiff argues that the ALJ overemphasized his daily activities in analyzing his subjective symptoms. Social Security regulations provide that, along with medical evidence, activities of daily living are taken into account in evaluating an applicant's symptoms. 20 C.F.R. § 404.1529. However, an ALJ must recognize the critical difference between activities of daily living and working full-time. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013).

The ALJ provides a few statements in the decision that indicate the ALJ equated Plaintiff's ability to perform daily activities with the ability to perform full time work. For instance, the ALJ stated that Plaintiff's daily activities "support the conclusion that he, at most, is capable of work as outlined in the residual functional capacity." (R. at 28.) The ALJ explicitly found that Plaintiff's daily activities supported the conclusion that he could work full time. The ALJ does not provide

4

further analysis of the daily activities, and therefore the finding that the ability to complete these activities supported a finding that Plaintiff could perform full-time work is in error. This reliance on the ability to complete daily activities to find him not disabled requires remand.

Moreover, the ALJ failed to consider the manner in which Plaintiff performed his daily activities. For instance, although Plaintiff reported being able to complete personal care, he testified that he tended to forget to complete personal care tasks like brushing his teeth. (AR 49). He testified that he tried to participate in household chores, but that he wasn't allowed to use the oven because he forgot to turn it off. (AR 49-50). He also testified that he didn't remember to complete chores. (AR 50). While the ALJ found that Plaintiff could care for his dogs, his mother stopped allowing him to care for the dogs, as one escaped multiple times under his care due to Plaintiff forgetting to let the dogs back inside. *Id.* In his disability function report, Plaintiff reiterated that he gave the dogs water, sometimes fed them, and sometimes let them out, but that his mom and stepdad had to help care for the dogs. (AR 278). He also noted that he only made microwave meals and sandwiches. (AR 279). The ALJ failed to consider how Plaintiff needed reminders in completing daily activities and how he was limited in his ability to complete them. Plaintiff completed limited daily activities with multiple reminders and help from his family. The ALJ erred by finding that Plaintiff's ability to complete these activities meant he could complete the full-time work as described in the RFC.

　　2.　　*State Agency Physicians*

Plaintiff also asserts that the ALJ erred in assessing the subjective symptoms despite affording "great weight" to the state agency physician opinions. Plaintiff asserts that because the state agency physicians opined that Plaintiff's symptoms were corroborated by the medical evidence, that the ALJ should have found Plaintiff's subjective symptoms to be consistent with

the medical evidence. Both state agency physicians answered "yes" to the question on the medical form asking if the claimant's subjective symptoms are "substantiated by the objective medical evidence alone." (AR 102, 122). The ALJ assigned both of these opinions "great weight," and the ALJ gave their opinions "strong consideration in the formulation of the claimant's residual functional capacity." (AR 28-29). Plaintiff asserts that the ALJ should have adopted the state agency physician's acceptance of Plaintiff's subjective symptom allegations. However, neither state agency physician provided a more restrictive RFC than the one provided by the ALJ. (AR 25, 28-29, 102-03, 122-23). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). The ALJ did so here in explaining why great weight was given to the state agency opinions' RFC determinations. The ALJ is not required to accept every portion of the state agency physician opinions. However, while the ALJ is not required to find Plaintiff's subjective symptoms consistent with the evidence solely because she gave great weight to the state agency physician opinions, the ALJ did err in analyzing Plaintiff's daily activities and subjective symptoms. Therefore, remand is appropriate.

**B. Other Issues**

Plaintiff also raises additional issues regarding the VE's testimony and his mental impairment subjective symptoms. Because the ALJ erred in relying on Plaintiff's daily activities in evaluating his subjective symptoms, remand is appropriate. Proper analysis and discussion of Plaintiff's daily activities may alter the discussion and analysis of these other areas, so in the interest of judicial economy further analysis of these arguments is not warranted. The Court remands this case due to the ALJ's failure to properly consider Plaintiff's daily activities when evaluating his subjective symptoms.

6

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], **REVERSES** the Commissioner's final decision, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on July 7, 2021.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT